IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ALBERTA PRICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 23 CV 5179 |
| | ) | |
| **CHICAGO PUBLIC SCHOOLS,** | ) | Judge Jeffrey I. Cummings |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Alberta Price brings this action against her former employer, Chicago Public Schools, alleging age discrimination for failure to promote on two separate occasions. Before the Court is defendant's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6), (Dckt. #25), and the related briefs, (Dckt. ##29, 34, & 38).[1] For the reasons set forth below, defendant's motion to dismiss is granted.

**I. BACKGROUND**

As discussed in more detail below, defendant seeks dismissal of plaintiff's claims as untimely and for improper claim splitting. "Because the claim-splitting issue was raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), [the Court] may consider

---

[1] Plaintiff filed a surreply, (Dckt. #38), in response to the motion to dismiss without leave of court. Typically, courts "allow a surreply brief only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response." *Ratcliff v. TranStewart Trucking Inc.*, 684 F. Supp. 3d 845, 868 (S.D.Ind. 2023), *quoting Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utils.*, 410 F. Supp. 3d 943, 949 (S.D.Ind. 2019). Although plaintiff has made no such showing to warrant a surreply here, in light of her *pro se* status, the Court has considered her surreply, as appropriate, in resolving defendant's motion to dismiss. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (noting that courts may take "a more flexible approach" with pro se litigants).

only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, as well as any writing referenced in the complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 884 (9th Cir. 2022) (cleaned up); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (noting that "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice."); *see also General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (recognizing that a district court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment).

As such, the following facts are taken from plaintiff's amended complaint, the documents referenced therein, and documents of which the Court may take judicial notice.

A. **Plaintiff's Employment with CPS**

Plaintiff Alberta Price was hired by defendant Chicago Public Schools ("CPS") on August 16, 2017 as a Leave of Absence Specialist in the Leave of Absence and Disability Department. (Dckt. #11 at 7). In September 2019, plaintiff applied for a leave analyst position, which she contends would have been a promotion with higher pay. (*Id.*). According to plaintiff, the position required a college degree and experience, both of which she had. (*Id.*). However, CPS did not offer plaintiff the position and she alleges that another individual (without the requisite degree or experience) got the job. (*Id.*).

In March 2021, plaintiff had a conversation with Cheryl Curtis, a manager in the Worker's Comp Department, during which plaintiff told Curtis that she had "recently joined a sorority." (*Id.*). In response, Curtis asked plaintiff: "wasn't [she] too old for that?" (*Id.*)

In September 2021, plaintiff interviewed with Curtis for a position in the Worker's Comp Department. (*Id.*). During the interview, plaintiff mentioned that she had "taken up the activity of roller-skating." (*Id.*). Curtis then asked plaintiff "if [she] was afraid of falling at [her] age." (*Id.*). Again, plaintiff did not get the position, which CPS instead offered to an individual with "less experience and education." (*Id.*).

On October 29, 2021, plaintiff filed a claim of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Dckt. #25-2). In it, she claimed that she had been discriminated against when she was denied a promotion because of her age (42 at the time). (*Id.*).

**B.     Plaintiff's State Court Action**

On October 3, 2022, – while her EEOC claim remained under review – plaintiff filed a *pro se* complaint against Curtis in Small Claims Court in the Circuit Court of Cook County. (Dckt. #25-1). In that case (hereinafter, "*Price I*"), plaintiff alleged as follows:

> I am suing for Libel, Slander, and Defamation of Character. [Curtis] was a manager with CPS before leaving her position. I applied for a position in her department and was unfairly discriminated against. I filed a discrimination lawsuit with the [EEOC]. [Curtis] in her statement to the EEOC not only lied about my work history but she lied about my character to not only them, but to others around CPS . . . Her lies not only has caused me a promotion with monetary increase, but it has also caused my reputation to be damaged around Chicago Public Schools. I am suing for the amount of money that I would have received had I gotten the promotion. Her lies has also cost me other positions at CPS. [sic]

(Dckt. #25-1 at 3). As of December 15, 2023, the state court action was scheduled for arbitration on January 16, 2024, (Dckt. #25 at 2), however, the parties' filings after that date did not indicate whether *Price I* was resolved through arbitration.[2]

### C. Plaintiff's Federal Court Action

The EEOC issued a right to sue letter on May 23, 2023, which plaintiff received on June 5, 2023. (Dckt. ##11 at 3 & #25-3). Plaintiff initiated this action (hereinafter, "*Price II*") against CPS on August 5, 2023. (Dckt. #1). In her amended complaint, (Dckt. #11), plaintiff alleges discrimination under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §621 et seq., for defendant's purported failure to promote her in both 2019 and 2021. In her prayer for relief, plaintiff requests an order directing defendant to re-employ and promote her, and seeks compensatory and punitive damages. (Dckt. #11 at 5).

Defendant now seeks to dismiss plaintiff's complaint in its entirety pursuant to Rule 12(b)(6).

## II. LEGAL STANDARD

! The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A party may move to dismiss a claim pursuant to Rule 12(b)(6) it if fails "to state a claim upon which relief may be granted," and such a motion tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 887 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hess v. Garcia*, 72 F.4th 753, 758 (7th Cir.

---

[2] Based on the Court's review of the Circuit Court of Cook County's online case search system, it appears, that *Price I* was dismissed without prejudice on May 21, 2024. *See* https://casesearch.cookcountyclerkofcourt.org/CivilCaseSearchAPI.aspx (last visited Sept. 24, 2024).

4

2023) (cleaned up). The Court construes "the complaint in the light most favorable to the [non-moving party] accepting as true all well-pleaded facts and drawing reasonable inferences in the [non-moving party's] favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). However, the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id*. Finally, with respect to pro se litigants such as plaintiff, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

### III. ANALYSIS

Defendant seeks dismissal arguing that: (1) plaintiff's 2019 failure to promote claim is time-barred; and (2) plaintiff's 2021 failure to promote claim is barred under the doctrine of claim splitting. In response, plaintiff concedes that her 2019 ADEA claim is time-barred, but disputes that her remaining claim against CPS – which she also attempts to amend through her brief – is barred by the doctrine of claim splitting. Respectfully, the Court disagrees.

### A. Plaintiff's September 2019 Discrimination Claim for Failure to Promote is Time-Barred.

"In Illinois, an employee may sue under the ADEA . . . only if [s]he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). "An 'unlawful employment practice includes various discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire." *King v. Elementary Sch. Dist. #159*, No. 17 C 4637, 2018 WL 1734645, at *3 (N.D.Ill. Apr. 10, 2018) (cleaned up). "The 300-day limitations period accrues 'at the time the employment decision was made and communicated to the employee.'"

5

*Allen v. Bd. of Trustees Rock Valley Coll.*, No. 19-CV-05465, 2021 WL 4034067, at *3 (N.D.Ill. Sept. 3, 2021), *quoting Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004)).

In this case, plaintiff alleges that CPS first failed to promote her in September 2019, but she did not file her EEOC claim until over two years later, on October 29, 2021. As plaintiff herself concedes, (Dckt. #29 at 3), she thus failed to file her EEOC claim within 300 days of the 2019 failure to promote, and any such claim under the ADEA is dismissed with prejudice as time-barred. *See King* 2018 WL 1734645, at *4 (dismissing with prejudice plaintiff's claims "relating to acts that took place more than 300 days prior to the filing of her . . . EEOC charge of discrimination."); *Purcell v. Indiana Univ.--S. Bend*, No. 3:13 CV 386, 2014 WL 4656565, at *5 (N.D.Ind. Sept. 17, 2014) ("Plaintiff's EEOC charge was filed over 300 days after plaintiff received notice of the adverse employment decision, and plaintiff's EEOC charge was therefore not timely filed.").

    **B.**    **Plaintiff's 2021 Discrimination Claim for Failure to Promote is Barred under the Doctrine of Claim Splitting.**

"The doctrine of claim-splitting precludes a plaintiff from alleging claims that arise from the same transaction or events that underlie claims brought in a previous lawsuit." *Rexing Quality Eggs v. Rembrandt Enterprises, Inc.*, 392 F.Supp.3d 965, 971 (S.D.Ind. 2019), *aff'd*, 953 F.3d 998 (7th Cir. 2020); *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010) ("[A plaintiff] cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting'"). A suit is the same for purposes of claim splitting "if the claims, parties, and available relief do not significantly differ between the two actions." *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021). "When a plaintiff brings such 'a suit, arising from the same transaction or events underlying a previous suit, simply

6

by a change of legal theory,' claim splitting has occurred, and the suit cannot be maintained." *Id.*, quoting *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010).

Claim splitting is "based on the same principles as *res judicata* and bars not only those issues that were actually decided in a prior lawsuit, but also all issues which could have been raised in that action." *Rexing*, 392 F.3d at 971 (citing *Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 839 (7th Cir. 2015)). "Unlike traditional claim preclusion, however, the bar against claim splitting can be applied before either action reaches a final judgment on the merits." *Rexing*, 392 F. Supp. 3d at 972; *Scholz*, 18 F.4th at 952 ("The requirements of claim splitting are not quite as stringent and do not require . . . finality of judgment."); *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011) ("Infinity claims that there can be no claim splitting as long as there is no final judgment. We disagree.").

Thus, to determine whether a plaintiff has engaged in improper claim splitting, the Court need only determine whether there is: (1) an identity of the parties in the two suits; and (2) an identity of the causes of action. *Scholz*, 18 F.4th at 952. The "district court has significant latitude and broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Id.*

Within its broad discretion, the Court finds that claim splitting applies with respect to plaintiff's 2021 failure to promote claim for the following reasons.

### 1. There is an identity of parties between *Price I* and *Price II.*

Even if the parties in two actions are not identical, claim splitting still applies where there is "privity" between the parties. *John Daley, LLC v. Nudo*, No. 21-CV-6067, 2023 WL 1818907, at *3 (N.D.Ill. Feb. 8, 2023). "Privity is said to exist between parties who adequately represent the same legal interests." *Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales*,

7

664 F.3d 1075, 1080 (7th Cir. 2011). Courts apply a "functional approach" to determining whether parties are in privity in successive actions. *Digital Dynamics Software, Inc. v. Eclipse Gaming Sys., LLC*, No. 18 C 892, 2018 WL 2463378, at *8 (N.D.Ill. June 1, 2018). "In determining whether the parties share privity, the court looks to whether the parties share an identity of interest in the subject matter of the litigation." *Rexing Quality Eggs v. Rembrandt Enterprises, Inc.*, 392 F. Supp. 3d at 972 (citing *Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 559 (7th Cir. 2014)); *see also Chicago Title*, 664 F.3d at 1080 ("It is the identity of interest that controls in determining privity, not the nominal identity of the parties.").

Here, the parties are in agreement that there is an identity of parties between *Price I* and *Price II*. (Dckt #29 at 8-9 (plaintiff conceding that the identity of parties prong is met). Indeed, although plaintiff brought her initial claims in *Price I* against CPS manager Curtis and brings this action only against CPS, there is privity between CPS and its employee Curtis for purposes of plaintiff's 2021 failure to promote claim. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 (7th Cir. 1986) ("Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of res judicata."); *LeSure v. Walmart Inc*, No. 23-CV-01002-BHL, 2023 WL 8356796, at *4 (E.D.Wis. Dec. 1, 2023) ("Employees of a business or corporation are in privity with their employer for purposes of res judicata."); *Talano v. Bonow*, No. 00 C 1208, 2002 WL 31061198, at *2 (N.D.Ill. Sept. 16, 2002) (same).[3]

---

[3] It is also worth nothing that the electronically available docket in Price I – of which the Court may take judicial notice – actually lists Chicago Public Schools as a defendant in that matter. *In re Prate*, 634 B.R. 72, 75 (N.D.Ill. 2021) ("The court can take judicial notice of its own docket and the dockets of other courts in related matters.").

### 2. There is an identity between the causes of action in *Price I* and *Price II*.

As the Seventh Circuit has explained, "[t]his element is satisfied if the "claims arise out of the same set of operative facts or the same transaction. That is to say, for claim splitting to apply, the legal theories for the claims in each case need not be the same provided they are based on the same, or nearly the same, factual allegations." *Scholz*, 18 F.4th at 952 (internal quotations and citations omitted); *see also Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011). In other words, "[o]nce a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986).

Here, as described above, plaintiff alleged in *Price I* that she applied for the position in Curtis' department and "was unfairly discriminated against." (Dckt. #25-1 at 3). She further alleged that she then filed a claim with the EEOC, during which Curtis made false statements about her. (*Id.*). In *Price I*, plaintiff sought the "amount of money" that she would have received had she gotten the promotion. (*Id.*).

Based on these allegations, and contrary to plaintiff's assertion, *Price I* undoubtedly arises from the same set of operative facts as this matter, in which plaintiff alleges age discrimination for the *exact same* failure to promote by Curtis in 2021, and seeks damages for not getting the position. *See Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1020 (7th Cir. 2014) (finding the same set of underlying facts in plaintiff's administrate review claim regarding her termination and her ADEA claim based on the same termination). As defendant correctly notes, it is of no moment that plaintiff's claims in *Price I* (libel, defamation, and slander) are based on different legal theories than her ADEA claim asserted here. *See Scholz*, 18 F.4th at 952; *see also Muhammad*, 547 F.3d at 876 (finding that "two suits . . . based on different legal

9

theories . . . arose out of the same facts."); *Digital Dynamics*, 2018 WL 2463378, at *6 ("[A] mere change in the legal theory does not create a new cause of action"). Moreover, plaintiff's assertion that she had to "await an outcome from the EEOC before she could take additional action" on her ADEA claim, (Dckt. #29 at 9), is misplaced where "there were several actions she could have taken to preserve her ability to add her ADEA claim to the state-court suit," including seeking a stay, or requesting accelerated review by the EEOC. *Walczak*, 739 F.3d at 1019.

In sum: the Court finds that there is an identity of parties and causes of action between *Price I* and *Price II*, with respect to plaintiff's 2021 failure to promote claim, and that claim is dismissed with prejudice. *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("When it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal is appropriate."); *see also Conley v. Windows, LLC of Indiana*, No. 20 CV 02572, 2021 WL 2256262, at *5 (S.D.Ind. June 3, 2021) ("Because [plaintiff] cannot amend his Complaint to remedy the fact that he engaged in improper claim splitting, dismissal with prejudice is appropriate.").

### C. The Court Grants Plaintiff Leave to File an Amended Complaint, as Appropriate.

Lastly, in what appears to be an effort to preclude dismissal for improper claim splitting, plaintiff attempts to amend her complaint through her briefs. Specifically, plaintiff provides additional facts regarding her employment with CPS, and argues that she is asserting a "disparate impact/disparate treatment" claim in light of CPS' "history of hiring and promoting younger unskilled workers in the Health and Benefits Department." (Dckt. #29 at 3). As defendant notes, however, it is an "axiomatic rule that a plaintiff may not amend [her] complaint in [her] response

10

brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

Nonetheless, leave to amend pleadings should be freely granted, particularly in the case of a *pro se* litigant. Fed.R.Civ.P. 15; *Wagner v. Catino*, No. 18-3061-HAB, 2018 WL 10741492, at *1 (C.D.Ill. Nov. 8, 2018). To the extent that plaintiff believes she may amend her complaint to properly assert a disparate impact claim under the ADEA, she is granted leave to do so.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. The Court dismisses plaintiff's claims for failure to promote in 2019 and 2021, but grants plaintiff leave to amend, as outlined above, on or before October 17, 2024. If plaintiff files an amended complaint, defendant shall answer or otherwise plead within twenty-one (21) days after plaintiff files. The parties are encouraged to continue their settlement discussions before Magistrate Judge Jantz in an effort to resolve this case without further contested litigation.

**Date: September 26, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**

11